# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD ALLEN DELLAHOY, | ) | |
|       Petitioner, | ) | Civil Action No. 09-206 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| MICHAEL HARLOW, <u>et al.</u>, | ) | |
|       Respondents. | ) | |

## **OPINION AND ORDER**[1]

Presently before the Court is Todd Allen Dellahoy's Petition For Writ of Habeas Corpus [ECF No. 11; <u>see also</u> Supplement, ECF No. 14], which he filed pursuant to 28 U.S.C. § 2254 when he was an inmate committed to the custody of the Pennsylvania Department of Corrections (the "DOC") at the State Correctional Institution in Mercer, Pennsylvania.[2] He asserts that the Pennsylvania Board of Probation and Parole (the "Board" or "Parole Board") unlawfully changed his judicially imposed maximum sentence date to December 23, 2011. As relief, he seeks an immediate release from DOC/Parole Board custody. Also pending before the Court are Dellahoy's motions for expedited relief [ECF Nos. 30-31], motion for resolution [ECF No. 32], motion for bond [ECF No. 29], and motion for a temporary restraining order [ECF No. 36].

## I.

### **A.** **Background**

Dellahoy was convicted of one count of burglary pursuant to a guilty plea he entered on November 18, 2004, at Criminal Docket No. CP-62-CR-0000413-2004 in the Court of Common Pleas

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] It appears that Dellahoy currently is on parole.

1

of Warren County.  On January 21, 2005, the Honorable Paul H. Millin sentenced him to a term of imprisonment of not less than 14 months or more than five years.  [See Criminal Docket Sheet, Resp's Ex. 1, ECF No. 18-1 at p. 4].  The DOC calculated his minimum sentence date to be March 21, 2006, and his maximum date to be January 21, 2010.  [DOC Sentence Status Summary, Resp's Ex. 2, ECF No. 18-1 at p. 19].

Dellahoy was paroled on October 2, 2006, and released to Gateway Rehabilitation Center in Erie, Pennsylvania, which is a residential drug and alcohol treatment program.  [Order to Release On Parole, Resp's Ex. 3, ECF No. 18-1 at pp. 23-24].  He was expressly advised that as a condition of parole he had to comply with all municipal, county, state and Federal criminal laws and that:

> If you violate[ ] a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, *with no credit for time at liberty on parole.*

[Id. at p. 24 (emphasis added)].  See also 61 P.S. § 331.21a (repealed effective Oct. 13, 2009 and replaced by 61 Pa.C.S. § 6138, which is the same in all relevant respects).

On September 2, 2008, the Parole Board issued a Warrant to Commit and Detain Dellahoy, charging him with "failure to successfully complete the Gateway CPC Program," which was a violation of one of his other conditions of parole.  He was arrested on that date.  [Warrant and Technical Violation Arrest Report, Resp's Ex. 4, ECF No. 18-2 at pp. 2-3].

A few weeks later, on September 29, 2008, Dellahoy was arrested and charged with receiving stolen property.  That criminal charge was filed in Erie County.  The Parole Board continued its detainer

pending resolution of this new criminal case against Dellahoy. [Criminal Arrest and Disposition Report, Resp's Ex. 5, ECF No. 18-2 at pp. 6-11].

On December 8, 2008, the Parole Board issued a decision in which it recommitted Dellahoy as a technical parole violator (for failure to successfully complete the Gateway CPC Program) to serve six months backtime when available "pending resolution of your outstanding criminal charges." [12/8/08 Notice of Board Decision, Resp's Ex. 6, ECF No. 18-2 at p. 13]. Dellahoy was advised that his "Parole violation max [wa]s 01/21/2010, *subject to change if convicted of outstanding charges*." [Id. (emphasis added)].

On February 17, 2009, Dellahoy entered a guilty plea in his Erie County criminal case and was convicted of one count of receiving stolen property. [Sentencing Order and Erie County Court of Common Pleas Criminal Docket No. CP-25-CR-0002651-2008, Resp's Ex. 7, ECF No. 18-2 at pp. 15-25]. After that conviction, he was charged with violating a condition of his parole (committing a crime). On May 7, 2009, Dellahoy admitted the violation and waived his revocation hearing. [Notice of Charges and Hearing, Resp's Ex. 8, ECF No. 18-3 at pp. 2-5].

On August 14, 2009, the Parole Board issued a Notice of Decision in which it deleted the previously imposed recommitment period for the technical parole violation and ordered that Dellahoy be recommitted to a state correctional institution as a convicted parole violator for the offense of receiving stolen property. As a result, Dellahoy's maximum sentence date was recalculated to December 23, 2011. [8/14/09 Notice of Board Decision, Resp's Ex. 9, ECF 18-3 at p. 7]. The Parole Board also expressly advised Dellahoy:

> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days of this order. This request shall set forth specifically the factual and legal basis for the allegations. See 37 PA Code Sec. 73. You have the right to an attorney in this appeal and in any subsequent appeal to the Commonwealth Court.

[Id. at p. 8]. There is no evidence that Dellahoy filed a request for administrative relief with the Parole Board in accordance with 37 Pa. Code § 73.[3]

In his Petition For Writ of Habeas Corpus, Dellahoy claims that he is being held beyond the expiration of his maximum sentence date. In their Answer [ECF No. 18], Respondents contend that the petition must be denied because Dellahoy failed to exhaust his state remedies. They argue in the alternative that the petition should be denied because it has no merit.

### B. Discussion

Respondents are correct that the petition should be denied because Dellahoy failed to exhaust his state remedies. As the United States Court of Appeals for the Third Circuit has explained, "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), citing 28 U.S.C. § 2254(b)(1)(A). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert, 134 F.3d at 513. Exhaustion "addresses federalism and comity concerns by 'affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005), quoting Toulson v. Beyer, 987

---

[3] On or around June 24, 2009, Dellahoy filed a Petition for Court Order for Release at his criminal docket in Warren County, which was denied on July 8, 2009. [Ex. B to ECF No. 11]. He then attempted to take an appeal to the Pennsylvania Supreme Court. The Pennsylvania Supreme Court rejected his "Petition for Review" on July 20, 2009, explaining that it did not have jurisdiction. [Ex. D to ECF No. 11]. Next, Dellahoy filed a Notice of Appeal to the Superior Court. That court returned the Notice on August 24, 2009, advising Dellahoy that he must first provide the appropriate filing fee or an order certifying indigency. [Criminal Docket Sheet, Resp's Ex. 1, ECF No. 18-1 at p. 14].

F.2d 984, 986 (3d Cir. 1993), which quoted Vasquez v. Hillery, 474 U.S. 254, 257 (1986). "The exhaustion requirement is not one to be overlooked lightly." Id. at 62, quoting Rutherford v. Neet, 149 F.3d 1191 (10th Cir. 1998).

To properly exhaust a claim involving a determination by the Parole Board, a habeas petitioner must first seek administrative review with the Board itself, pursuant to 37 Pa. Code § 73.1. Following that administrative appeal, the petitioner must seek review in the Commonwealth Court of Pennsylvania. 42 Pa.C.S. § 763(a). The petitioner must then seek review in the Pennsylvania Supreme Court in order to properly exhaust any claim challenging the Parole Board's decision. See Williams v. Wynder, 232 F.App'x 177, 180 (3d Cir. 2007) (concluding that the Pennsylvania Supreme Court's Order 218 does not apply to decisions issued by the Commonwealth Court and that "the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court").

Dellahoy did not complete any of these steps and therefore failed to exhaust his state remedies. As a result, his claims are procedurally defaulted. See, e.g., Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). The doctrine of procedural default also is "grounded in concerns of comity and federalism," Coleman v. Thompson, 501 U.S. 722, 730 (1991), and it bars federal habeas review whenever the petitioner has failed to present a federal claim in the state courts. [4] See, e.g., Lines, 208 F.3d at 162-69.

---

[4] A procedural default may be excused if a petitioner demonstrates "cause" for the default and resulting prejudice. See, e.g., Lines, 208 F.3d at 165. Dellahoy points to no evidence and makes no allegation concerning cause for the default or resulting prejudice. Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). See also House v. Bell, 547 U.S. 518 (2006); Houck v. Stickman, --- F.3d ---, 2010 WL 4629469, *4-5 (3d Cir. Nov. 17, 2010); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). Coleman, 501 U.S. at 750-51. It only applies in extraordinary cases where the petitioner demonstrates that a

5

In conclusion, because Dellahoy failed to exhaust his state remedies, his habeas claim is procedurally defaulted and is denied for that reason.

If Dellahoy's claim was not procedurally defaulted, it still would be denied because it has no merit. Although it is well-settled that maintaining an individual in custody beyond the expiration of his maximum sentence constitutes a violation of his constitutional rights, see, e.g., Sample v. Diecks, 885 F.2d 1099 (3d Cir. 1989), the record in this case establishes that the Parole Board correctly recalculated Dellahoy's maximum sentence date. As explained to him when he was released on parole, when a parolee commits a crime punishable by imprisonment during the parole period and is thereafter convicted or pleads guilty, he may be recommitted as a parole violator at the discretion of the Board. 61 P.S. § 331.21a (repealed and replaced by 61 Pa.C.S. § 6138 without relevant changes). *Pennsylvania law mandates forfeiture of all street time if recommitment is ordered.* Id.

Thus, when Dellahoy was recommitted as a convicted parole violator by the Parole Board on August 14, 2009, he forfeited all of his prior street time on parole, which amounted to 701 days (from his parole on October 2, 2006, until recommitment on September 2, 2008). That left 1,207 days remaining on his sentence. Dellahoy was then given credit for the 168 days he was confined from September 2, 2008, until February 17, 2009 (the date of his conviction in Erie County). This left 1,039 days remaining on his sentence, for a new maximum sentence date of December 23, 2011. [See Recommitment Data Sheet, Resp's Ex. 9, ECF No. 18-3 at p. 9].

### C.   Certificate of Appealability

---

constitutional violation has probably resulted in the conviction of one who is actually innocent. Id.; Hubbard, 378 F.3d at 339-40. It is not applicable to the instant case.

6

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether Dellahoy's petition should be denied. Accordingly, a certificate of appealability is denied.

## II.

In addition to his Petition For Writ of Habeas Corpus and Supplement thereto, Dellahoy has filed motions for expedited relief [ECF Nos. 30-31], a motion for resolution [ECF No. 32], and a motion for bond pending this Court's resolution of his habeas petition [ECF No. 29]. Those motions are moot with the issuance of this Opinion and Order and are dismissed for that reason.

Finally, also pending before the Court is Dellahoy's motion for a temporary restraining order [ECF No. 36]. Therein, he complains about actions allegedly taken by Parole Agent Jennifer Blynt, Director James Wright, and Counselor Angel Baez Sprauge in September 2010 and requests that the Court hold a hearing. The allegations he makes in this motion are not related to the claim raised in his

habeas petition and there is no basis whatsoever to grant him the injunctive relief that he seeks. According, that motion is denied.

### III.

For the forgoing reasons, the Petition for Writ of Habeas Corpus is denied and a certificate of appealability is denied. The motions pending at ECF Nos. 29-32 are dismissed as moot and the motion pending at ECF No. 36 is denied. An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  December 9, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALLEN DELLAHOY,<br>    Petitioner,<br><br>v.<br><br>MICHAEL HARLOW, et al.,<br>    Respondents. | Civil Action No. 09-206 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## ORDER

AND NOW, this 9th day of December, 2010;

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DENIED and a certificate of appealability is DENIED. It is FURTHER ORDERED that the motions for expedited relief [ECF Nos. 30-31], motion for resolution [ECF No. 32], motion for bond [ECF No. 29] are DISMISSED AS MOOT, and that the motion for temporary restraining order [ECF No. 36 ] is DENIED.

The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge